**Robert D. BROWN, Appellant**

v.

**RINEHART, Wilmington Police Officer; Drysdale, Wilmington Police Officer.**

**No. 08–4124.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 16, 2009.

Opinion filed: April 30, 2009.

---

**48**

Robert D. Brown, Wilmington, DE, pro se.

Rosamaria Tassone, Esq., City of Wilmington Law Department, Wilmington, DE, for Rinehart and Drysdale.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Robert Brown, a pro se litigant, appeals from an order by the District Court granting defendants' motion for summary judgment. For substantially the same reasons provided by the District Court, we will summarily affirm.

In January 2007, Brown filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants had violated his due process and Eighth Amendment rights. Brown alleged that on April 16, 2006, defendants approached Brown while he was in front of his house, dragged him off his porch, and used unnecessary force to remove him from his property, including slamming his head onto the concrete and pepper spraying him. Brown was charged with resisting arrest and disorderly conduct, but these charges were later dismissed. He sought compensatory and punitive damages as relief.

In their motion for summary judgment, defendants provided affidavits and police crime reports as factual support for their counter-allegations. According to the defendants, on April 16, 2006, defendant Rinehart, along with Officer Hazzard, were on routine patrol when they observed Brown sitting with a group of individuals on the porch and steps of 1627 West 3rd Street in Wilmington at 5:20 a.m. As the officers drove past in their patrol car, Brown started yelling at the officers, who advised him to "calm down" and "relax." However, Brown continued to yell at the officers and use profanities, prompting neighbors to look out their windows.

When the officers' verbal attempts to control the situation failed, they exited their vehicle to place Brown under arrest for disorderly conduct. As Officer Hazzard reached the porch, Brown attempted to run into the house. Officer Hazzard grabbed Brown's jacket and told him to place his hands behind his back because he was under arrest. Brown resisted Officer Hazzard by pulling away and laying on his hands to avoid being handcuffed. The officers advised him to stop resisting or he would be pepper sprayed. Brown continued to struggle, and Officer Hazzard sprayed him. Although the pepper spray resulted in Brown releasing his left hand, the officers could not gain control of Brown's other hand. At that point, Officer Hazzard used the heel/palm of his hand to deliver a "stun blow" to the left side of Brown's head. Defendant Rinehart used his right knee to deliver a "stun blow" to Brown's right thigh. Brown stopped resisting; the officers gained control and placed him in handcuffs.

Brown was then taken to the emergency room and treated for an abrasion to his head and his eyes were flushed with water. Officer Hazzard contacted his immediate supervisor, Sergeant Drysdale, who met the officers at the hospital room. Defendant Drysdale attempted to interview Brown, but Brown was again uncooperative. Drysdale noted that Brown was intoxicated, which Brown confirmed. In addition to speaking to Brown, Drysdale interviewed a witness as part of his investigation of the non-lethal force used by the officers in Brown's arrest. Drysdale then compiled the details of his investigation in a Defensive Tactics Report per departmental policy.

Defendants argued in their motion for summary judgment in that Brown cannot maintain a § 1983 claim against defendant Drysdale because he had no personal involvement in Brown's arrest. Defendants also argued that defendant Rinehart was entitled to qualified immunity.

Brown provided no specific factual evidence to dispute defendants' assertions. Rather, his pleadings rely on the fact that the details set forth in the police crime report conflicted with the Defensive Tactics Report. According to Brown, these inconsistencies corroborated his argument that his rights were violated. For example, Brown pointed to the fact that one report stated that he was tackled whereas the other stated he was grabbed by his coat. Brown also alleges that when his defense attorney requested discovery from the state, the state initially refused to provide any documents, but when they eventually did, the charges against Brown were dismissed. Thus, Brown states that the "assault occurred with an intent to maliciously and sadistically cause harm outside the scope intended to enforce and/or gain controll Brown moves" [sic].

The District Court granted defendants' motion for summary judgment. The court determined that Brown's § 1983 action against Drysdale could not stand based on his supervisory position. Moreover, it was undisputed that Drysdale was not present at the time Brown was arrested and had no personal involvement in the arrest. The court also agreed that Rinehart was entitled to qualified immunity because the physical force he used was reasonable and did not rise to a constitutional violation. Accordingly, the District Court denied Brown's motion for summary judgment and other motions as moot. Brown timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Because Brown is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it is legally frivolous. We may summarily affirm if Brown's appeal presents no sub-

stantial question. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

We exercise plenary review over a district court's grant of summary judgment. *See Kaucher v. County of Bucks,* 455 F.3d 418, 422 (3d Cir.2006). The District Court's grant of summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). An issue is material if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment was properly entered in favor of defendant Drysdale. To succeed on a § 1983 claim, a plaintiff must show that the defendant, acting under color of state law, deprived him of a federal right. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In addition, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Although Brown contends that Drysdale wrote and signed off on the police reports documenting the arrest, he uses this fact to merely show that Drysdale approved reports that were inconsistent with each other. He cites no evidence of Drysdale's personal involvement through participation, knowledge, or acquiescence. *Id.*

■ Summary judgment was also properly entered in favor of defendant Rinehart on the basis of qualified immunity because Brown does not set forth any evidence to show that Rinehart committed a constitutional violation.[1] The District Court applied the standard set forth in *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001): whether the facts alleged show that Rinehart violated a constitutional or statutory right, and if so, whether the constitutional or statutory right was clearly established at the time the violation occurred. *Saucier,* 533 U.S. at 200–01, 121 S.Ct. 2151.[2]

■ In evaluating whether Brown's rights were violated by Rinehart's use of force, the inquiry is whether Rinehart's actions were " 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivations.' " *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The proper application of the "reasonableness" test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or oth-

---

1. As the District Court notes, although Brown argues that his rights were violated under the Eighth Amendment, excessive force claims arising out of an arrest are analyzed under the Fourth Amendment. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Eighth Amendment serves as the primary source of protection against excessive force for claims that arise *after* conviction. *Id.* at 395 n. 10, 109 S.Ct. 1865 (citing *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Although Brown is currently incarcerated, his claim arises out of the incident involving his arrest and therefore, we analyze his claim under the reasonableness test set forth in *Graham.*

2. The Supreme Court recently determined that the two-step inquiry set forth in *Saucier* is often appropriate, but should no longer be regarded as mandatory. *Pearson v. Callahan,* — U.S. ——, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). Lower courts now have the discretion to decide which of the two *Saucier* prongs to address first. *Pearson* makes no difference to the outcome of this appeal.

ers, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396, 109 S.Ct. 1865. Other relevant factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, [and] the possibility that the suspect may be armed." *Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir.1997).

According to Rinehart's unopposed affidavit, Rinehart's actions in Brown's arrest were limited: he tried to control Brown verbally before approaching him on the porch, ordered Brown to stop resisting, gained control of Brown's left hand, and used his right knee to deliver a "stun blow" to Brown's right thigh. Rinehart did not use the pepper spray on Brown nor cause the injury to his head for which Brown was later treated at the hospital. Rinehart resorted to force only after Brown continued to resist verbal warnings and lay on his hands to prevent being handcuffed or otherwise controlled during his arrest. The degree of physical force applied by Rinehart was reasonable because it was proportional to the need for force, especially in light of Brown's active resistance to arrest. *Graham,* 490 U.S. at 396, 109 S.Ct. 1865.

Brown does not materially dispute that these actions occurred as Rinehart describes them or offer any other evidence to show that Rinehart's actions were objectively unreasonable. Brown's reliance on minor factual inconsistencies, such as whether he was "tackled" or whether an officer "grabbed his coat," does not provide any genuine issue of material fact necessary for precluding summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, summary judgment in favor of the defendants was proper.

As Brown's appeal presents no substantial question, we summarily affirm the District Court judgment. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.